**IN THE COURT OF APPEALS OF IOWA**

No. 20-0008
Filed March 4, 2020

**IN THE INTEREST OF K.S.,**
**Minor Child,**

**J.D., Mother,**
      Appellant.
_____


      Appeal from the Iowa District Court for Sac County, Joseph B. McCarville,

District Associate Judge.


      The mother challenges the termination of her parental rights.  **AFFIRMED.**


      Jessica L. Morton of Bruner, Bruner, Reinhart & Morton, LLP, Carroll, for

appellant mother.

      Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

      Charles Schulte of Schulte Law Firm, LC, Sac City, attorney and guardian

ad litem for minor child.


      Considered by Tabor, P.J., Mullins, J., and Potterfield, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**POTTERFIELD, Senior Judge.**

The mother challenges the termination of her parental rights to K.S., who was born in early 2018.[1]  The juvenile court terminated her parental rights pursuant to Iowa Code section 232.116(1)(e) and (h) (2019).  Our review is de novo.  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015).

Termination under section 232.116(1)(h) is appropriate when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother purports to challenge this ground for termination.  The first three elements are indisputably met.  Her only other assertions are that she "made progress toward rectifying the issues that led to" K.S.'s removal and "maintained meaningful contact" with K.S.  The mother does not assert K.S. could have been returned to her care at the time of the termination hearing, which is the controlling question.  *See* Iowa Code § 232.116(1)(h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing").  Moreover, the mother failed to attend the termination hearing and was reportedly homeless at the time.  The grounds for termination were met under section 232.116(1)(h).  *See T.S.*, 868 N.W.2d at 435 ("When the juvenile court orders termination of parental rights on more than one statutory

---

[1] The father's parental rights were also terminated.  He does not appeal.

ground, we need only find grounds to terminate on one of the sections to affirm.").

The mother notes the court need not terminate a parent's rights when termination would be detrimental to the child based on the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). The court has the discretion to apply a permissive factor to save a parent-child relationship, but the parent bears the burden of proving the application of the factor is warranted. *In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018). Here, the mother has done little more than restate the Iowa Code; she has not offered any facts or arguments to show why this factor should be applied in her case. At the time of the termination hearing in December 2019, K.S. had been out of the mother's care for seventeen months. During those seventeen months, the mother was inconsistent with visits, having attended only two of the seven that were offered in the month leading up to the termination hearing. According to the testimony of the social worker, the child was more bonded to his father than the mother; the social worker described the mother as having "a difficult time interacting with" K.C. and noted, "He does not respond to her." The application of a permissive factor is not warranted here.

Insofar as the mother requests additional time to work toward reunification, *see* Iowa Code § 232.104(2)(b), we note the mother made no such request at the time of the termination hearing. Thus, this issue has not been preserved for our review. *See In re R.L.,* 19-1355, 2019 WL 5067181, at *1 n.1 (Iowa Ct. App. Oct. 9, 2019) (refusing to consider the mother's "misguided" request for additional time as she did not first make the request to the juvenile

court and, on appeal, provided "no basis to believe anything will change in the future").

Having considered each of the issues raised by the mother,[2] we affirm the termination of the mother's parental rights.

**AFFIRMED.**

---

[2] As we have repeatedly stated before, we only review and discuss steps in which a parent alleges error occurred. *See, e.g.*, *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019) (not considering the first or second step of the three-step analysis where parent did not challenge them); *see also In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (stating the court need not consider the step the parent did not dispute); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) (noting an issue the appellant failed to raise in their appellate brief and concluding "any error by the trial court [regarding that issue] was not preserved for our review").